**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1523
_____

EMMANUEL FOLLY,
                              Appellant

v.

CITY OF PHILADELPHIA; PHILADELPHIA POLICE DEPARTMENT; VILMA
CUBIAS, ASSISTANT DISTRICT ATTORNEY, PHILADELPHIA DISTRICT
ATTORNEY'S OFFICE; SYIBL MURPHY, ASSISTANT DISTRICT ATTORNEY,
PHILADELPHIA DISTRICT ATTORNEY'S OFFICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-00305)
District Judge: Honorable Kai N. Scott
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 20, 2025
Before: HARDIMAN, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: June 24, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Emmanuel Folly appeals pro se from the District Court's order dismissing his complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  For the reasons that follow, we will affirm.

I.

Folly filed a civil rights action against the City of Philadelphia ("City"), the Philadelphia Police Department ("PPD"), and Assistant District Attorneys Vilma Cubias and Sybil Murphy in January 2025.  The incidents relevant to this complaint began in 2016 when the PPD's Special Victims Unit ("SVU") initiated an investigation of alleged child pornography possession and dissemination affiliated with a specific IP address.  SVU traced the IP address to a residence in Philadelphia and, while executing a search warrant on the property, discovered that a PPD officer, later determined to be Folly, resided there.  Approximately one year later, Folly was arrested and charged with possession of child pornography, 18 Pa. C.S. § 6312(d), and dissemination of child pornography, 18 Pa. C.S. § 6312(c).  The PPD placed Folly on a 30-day suspension and subsequently dismissed him permanently, effective May 22, 2017.  In January 2022, Folly was acquitted of all criminal charges.  Nonetheless, the PPD did not reverse his dismissal.  The Fraternal Order of Police filed a grievance contesting Folly's termination and requesting he be reinstated to his former position with the PPD.  The matter proceeded to arbitration with the City and in January 2023, the arbitrator upheld Folly's termination decision and denied the grievance.  Folly filed suit in the District Court two years later.

Folly's complaint alleges that the defendants subjected him to an unlawful search and seizure in violation of the Fourth Amendment and malicious prosecution in violation of the Fourteenth Amendment. He also challenges the arbitration decision denying his request for reinstatement with the PPD, claiming it was improperly based on biased proceedings and violated his due process rights. The District Court screened Folly's complaint pursuant to § 1915(e)(2), determined all claims therein were facially untimely, and dismissed it with prejudice for failure to state a claim upon which relief may be granted. This timely appeal followed.[1]

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a dismissal for failure to state a claim de novo, applying the standard articulated by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007), and reiterated in Ashcroft v. Iqbal, 556 U.S. 662, 677–79 (2009). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (explaining that when dismissing complaints for failure to state a claim under § 1915(e)(2)(B)(ii), the standard of review is the same as under Federal Rule of Civil Procedure 12(b)(6)).[2]

---

[1] The City of Philadelphia and Philadelphia Police Department are not participating in the appeal.

[2] Although the running of the statute of limitations is ordinarily an affirmative defense, if that defense is apparent on the face of the complaint, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. See Jones v. Bock, 549 U.S. 199, 215 (2007).

We must also accept the facts alleged in the complaint as true and draw all reasonable inferences in Folly's favor. See Simko v. U.S. Steel Corp., 992 F.3d 198, 204 (3d Cir. 2021) (citing Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016)). Although pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

III.

After our de novo review of the record, we agree that the District Court properly dismissed Folly's complaint as untimely. Folly does not challenge the determination that he untimely filed his complaint, and has therefore forfeited any such argument. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146–47 (3d Cir. 2017). Nor is any error apparent to us. See generally Nguyen v. Pennsylvania, 906 F.3d 271, 273 (3d Cir. 2018) (explaining that § 1983 claims are subject to two-year statute of limitations); PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh, 19 F.4th 308, 319 (3d Cir. 2021) (explaining that challenge to an arbitration award under the Federal Arbitration Act must be brought 90 days after the award is issued).

On appeal, Folly argues that his difficulties securing counsel entitle him to equitable tolling of the statute of limitations. However, this argument fails on the merits, as equitable tolling is appropriate only in limited circumstances. Difficulty obtaining counsel, or proceeding pro se, does not warrant the extraordinary remedy of tolling the

statute of limitations. See Ross v. Varano, 712 F.3d 784, 799–800 (3d Cir. 2013) ("The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling.") (citing Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003)); see also Socha v. Boughton, 763 F.3d 674, 685 (7th Cir. 2014).

Folly also claims that the District Court should have given him the opportunity to file an amended complaint so he could address the deficiencies in his original filing. However, the only amendment Folly seeks to present concerns his equitable-tolling argument, which we have already determined lacks merit. Therefore, we agree with the District Court that amendment of his complaint would have been futile. See Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) (explaining that "[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss").

Thus, we will affirm the District Court's judgment.